IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. CR 18-3060 KG

SALVADOR MARTINEZ-VELIZ,

    Defendant.

### ORDER ON MOTION FOR COMPASSIONATE RELEASE, U.S.S.G. § 1B1.13, AND THE FIRST STEP ACT

This matter is before the Court on Defendant Salvador Martinez-Veliz's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018, U.S.S.G. § 1B1.13. (Doc. 63). The Government filed its Response on May 23, 2024. (Doc. 64). This matter is now fully and timely briefed for the Court's consideration. After review of the briefing and the relevant law, the Court denies Mr. Martinez-Veliz's Motion without prejudice.

*I.*    *Background*

On April 17, 2019, Martinez-Veliz pled guilty to a two-count Information charging him with possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 45). On September 18, 2019, this Court sentenced Mr. Martinez-Veliz to 120 months imprisonment, followed by four years of unsupervised release. (Doc. 26). Mr. Martinez-Veliz is currently serving his sentence at Lexington FMC.

On May 9, 2024, Mr. Martinez-Veliz filed the instant Motion, requesting compassionate release due to his mother's incapacitation and sister's disability as well as his status as the only

available caregiver. (Doc. 63) at 2. Specifically, Mr. Martinez-Veliz explains his mother is 82 years old living in Mexico with his sister who is his mother's current caregiver. *Id.* at 2. Mr. Martinez-Veliz informed the Court that his sister is mute which poses a "severe hardship for both of them." *Id.*

*II.   Discussion*

The Tenth Circuit endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining "[b]ecause this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. "District courts may deny a compassionate-release motion at any of the three steps without addressing the others." *United States v. Bonilla*, 2024 WL 1672366, at *2 (10th Cir. 2024) (citing *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021)). Before reaching the merits evaluated in this three-part test, however, the Court begins with the threshold issue of whether Mr. Sanchez exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

*A.   Administrative Exhaustion*

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to Section 571.63. *See*

18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A)).  Specifically, after an initial denial by the warden, a petitioner "may appeal…through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B).  28 C.F.R. § 571.63(a).  Only after the petitioner's request is denied by the General Counsel or the Bureau of Prisons Director does the denial "constitute[] a final administrative decision." 28 C.F.R. § 571.63(b)–(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel).  Alternatively, if thirty days lapse from receipt of the request by the warden with no response, a district court is empowered to consider the Section 3582(c)(1)(A) motion.  18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Martinez-Veliz requested compassionate release from the Warden at Lexington FMC on March 25, 2024.  *See* (Doc. 63) at 5.  As of the date of his filing, 45 days after his request, the Warden had not responded.  As a result, Mr. Martinez-Veliz effectively exhausted his administrative remedies.  Therefore, the Court is empowered to consider the merits of Mr. Martinez-Veliz's Motion requesting compassionate release.

## B. *Consideration of Extraordinary and Compelling Reasons*

The Court understands Mr. Martinez-Veliz's argument to be that extraordinary and compelling reasons exist because he is the only available caregiver for his mother who is 82 years old and his sister, who is mute. (Doc. 63) at 2.  Mr. Martinez-Veliz requests relief under the United States Sentencing Guideline 1B1.13(b)(3)(C).  *Id.*

Before the 2023 policy statement allowing compassionate release for parental caregiving, district courts in the Tenth Circuit relied on a Program Statement published by the Bureau of Prisons for the definition of incapacitation as it relates to spousal caregiving.  *See United States v. Cruz-Hernandez*, 2022 WL 3577082, at *7 (D.N.M.) (citing *United States v. Collins*, 2020 WL

136859, at *4 (D. Kan.)). The Program Statement defines incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse…is completely disabled, meaning that the spouse…cannot carry on any self-care and is totally confined to a bed or chair." *Id.* (citation omitted). This Court is of the opinion that the definition for spousal caregiving is interchangeable with familial caregiving.

While the Program Statement is not binding, the Court is not persuaded the circumstances here are extraordinary and compelling. While Mr. Martinez-Veliz's mother may suffer from old age, the record is absent any evidence to support her incapacitation. Similarly, Mr. Martinez-Veliz does not offer any evidence to support that his sister's disability is equivalent to incapacitation. The Court recognizes Mr. Martinez-Veliz's mother and sister may have limitations, but Mr. Martinez-Veliz has failed to establish a reduction in sentence is warranted.

Furthermore, Mr. Martinez-Veliz has not provided enough information to prove he is the only available caretaker for his mother. According to the Motion, Mr. Martinez-Veliz's sister has been caring for his mother and her disability is causing "severe hardship for both of them." (Doc. 63) at 2. Mr. Martinez-Veliz, however, does not explain how his sister's disability interferes with her ability to care for their mother and herself. The Court acknowledges Mr. Martinez-Veliz's sister bears the stress of caring for her mother while also managing her diability. Although stressful, it is clear Mr. Martinez-Veliz's sister has been providing care for their mother thus, Mr. Martinez-Veliz is not the only available caregiver. *See United States v. Quintana*, 2021 WL 147987 at *3 (D. Kan.) (discussing extreme burden on another who is caring for incapacitated close relative while defendant is incarcerated is not extraordinary and compelling reason for sentence reduction).

While the Court is sympathetic to Mr. Martinez-Veliz's mother's age and sister's disability, it does not find Mr. Martinez-Veliz's request for compassionate release presents an extraordinary and compelling circumstance. Because the Court concludes Mr. Martinez-Veliz has not proven an extraordinary and compelling reason, it declines to address the other steps.

Finally, Mr. Martinez-Veliz asserts the Bureau of Prisons (BOP) is looking into a mistake regarding his First Step Act Credits and asks the Court to consider this while determining relief. (Doc. 63) at 4. A request for compassionate relief is not the correct avenue to address a purported denial of First Step Act Credits.

*III.    Conclusion*

In sum, the Court concludes Mr. Martinez-Veliz has appropriately exhausted his administrative remedies through applying for compassionate release with the Warden at Lexington FMC and waiting the requisite number of days before filing for relief before this Court. However, Mr. Martinez-Veliz has not established his mother and sister's medical conditions create an extraordinary and compelling reason for a sentence reduction. As a result, Mr. Martinez-Veliz's Motion, (Doc. 63), is denied without prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE